Max L. Bear, *et al.*, v. New Jersey Insurance
Company, *et al.*

189 So. 252
Division A
Opinion Filed May 26, 1939

*Watson & Pasco & Brown,* for Plaintiffs in Error;
*Fisher & Fisher,* for Defendant in Error.

Per Curiam.—Writ of error brings for review judgment in favor of defendant in suit on insurance policies for alleged fire damage.

Plaintiffs in error are owners of what was an old two-story brick building on Palafox Street in Pensacola, Florida. Defendants in error were insurers against fire loss in three policies by two insurers. Separate suits were filed on each policy but the suits were consolidated.

The insured building was damaged by fire on August 8, 1935. A settlement was immediately reached and the insurer paid the insured $5,365.00. Then, on September 21,

1935, the second fire occurred in the same building. It
appeared that the second fire originated in the upper story
of the building where the major damage by the first fire
occurred. It is clear that the damage caused by the second
fire was not very great but we are forced to the conclusion
that the owners sustained some damage for which the in-
surer was liable.

It is our view that the insurer admitted liability in some
unagreed amount immediately after the second fire suf-
ficiently to waive formal proof of loss and that the time
(sixty days) in which insurer was required to demand ap-
praisement under the terms of the policy began to run
from the time of admitting liability and expired before the
insurer made such demand. This we think is the proper
construction to be given the terms of the policy, as follows:

In the event of disagreement as to the amount of loss
the same shall, as above provided, be ascertained by com-
petent and disinterested appraisers, the insured and this
company each selecting one, and the two so chosen shall
first select a competent and disinterested umpire; the ap-
praisers together shall then estimate and appraise the loss,
stating separately sound value and damage, and failing to
agree, shall submit their differences to the umpire; and the
award in writing of any two shall determine the amount
of such loss; the parties thereto shall pay the appraiser re-
spectively selected by them and shall bear equally the ex-
penses of the appraisal and umpire. This company shall
not be held to have waived any provisions or condition of
this policy or any forfeiture thereof by any requirement,
act, or proceeding on its part relating to the appraisal or
to any examination therein provided for; and the loss
shall not become payable until sixty days after the notice,
ascertainment, estimate and satisfactory proof of the loss

herein required have been received by this company, including an award by appraisers when appraisal has been required.

Under such conditions proof of loss subsequently made by the insured "in the abundance of caution and without waiver of any rights that have accrued to them" did not toll the running of time in which demand for appraisement was required to be made by the insurer.

We can see no useful purpose to be served by promulgating of a lengthy opinion in this case. The preponderance of the evidence shows that the plaintiffs in the court below are entitled to recover for damage, though slight such damage may be, which was caused by the fire of September 21, 1935, and that they are not shown to be barred from such recovery by any act of commission or omission on their part.

Therefore, the judgment is reversed, without prejudice to the defendant to plead in bar or in mitigation of damages and with directions that a new trial be awarded on the question of damages only.

Therefore, the judgment is reversed, without prejudice to the defendant to plead in bar or in mitigation of damages and with directions that a new trial be awarded on the question of damages only.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J. concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.