DUKE, BYRD V., Jr., Associate Judge.
This was an action by beneficiaries under a certain insurance binder receipt, to recover the amount of the policy. Plaintiff’s motion for summary judgment was granted and summary judgment was entered against the defendant insurer for $25,000 on December 4, 1964, in the following language:
“Plaintiffs are granted judgment in the action and recover of and from the defendant the sum of Twenty Five Thousand ($25,000.00) Dollars together with interest, costs and attorneys fees to be hereafter set by the Court on proper application.”
Further in that order the court stated: “Final judgment shall be entered herein after the termination of the matters of interest attorney fees and costs.” Judgment for attorney fees and for the interest was entered by the Court on March 31, 1965.
Appellant contends appellee was not entitled to recover attorney fees in the judgment dated March 31, 1965, and that the trial Court lost jurisdiction to assess attorney fees when it failed to assess an amount for attorney fees in the summary judgment entered on December 4, 1964, because of last sentence of Section 627.0127, Florida Statutes, F.S.A., which provides: “Where so awarded compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.”
In our opinion the summary judgment thus entered on December 4, 1964, held the beneficiaries were entitled to recover on the policy, and plaintiff became entitled also to recover attorney fees in such amount as the Court should allow, as provided for by the statute, Section 627.0127, Florida Statutes, F.S.A. The trial Court in the summary judgment retained jurisdiction to adjudge attorney fees against the defendant.
In Mid-Continent Casualty Company v. Giuliano, Fla.1964, 166 So.2d 443, the Supreme Court stated:
“Section 627.0127 authorizes a trial judge after judgment or decree against an insurance company upon a policy of insurance to adjudge a reasonable sum as fees or compensation to the beneficiary for the latter’s attorney.”
The trial court final judgment, dated March 31, 1965, for attorney fees and for the interest was not error and the trial court had jurisdiction to award attorney fees at that time.
For the reasons stated the judgment entered March 31, 1965, appealed from is affirmed.
Affirmed.