277 So.2d 563 (1973)
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Appellant,
v.
Timothy Miller TERRY, Appellee.
No. 72-912.
District Court of Appeal of Florida, Third District.
May 15, 1973.
Rehearing Denied June 15, 1973.
Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellant.
Milledge & Bell, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant appeals a judgment in favor of plaintiff-appellee for damages, costs, and attorney's fees.
On October 20, 1971 appellee's motorcycle was stolen and he timely notified the appellant with whom he had an insurance contract which provided coverage for loss due to theft. Appellant admitted receipt of the above notice on November 1, 1971. On November *564 19, 1971 appellee executed a sworn statement regarding the theft. On December 17, 1971 appellant received a letter from appellee's counsel, advising that appellee was being represented by counsel and requesting all forms necessary to complete the filing of the claim. These forms were mailed directly to appellee who never transmitted them to his counsel. By the latter part of December 1971 a real dispute existed over the value of the motorcycle. On January 11, 1972 appellant wrote appellee's counsel making a final offer of $600 and further stated that if refused, appellant invoked the arbitration clause in the insurance contract. Appellee filed suit on January 14, 1972. On April 14, 1972 after the cause had been set for trial, appellant moved to compel arbitration. The motion was denied. Again, on May 26, 1972 immediately before trial, appellant moved to compel arbitration and stay the proceedings. The motion was denied. The jury awarded plaintiff $721 in damages and the court awarded him $35 for costs and $1,000 for attorney's fees. This appeal ensued.
Appellant contends the lower court erred in refusing to compel arbitration.
We disagree and determine that the case of Bear v. New Jersey Insurance Company, 138 Fla. 298, 189 So. 252 (1939) is controlling. In Bear it was held that upon the insurer admitting liability in some agreed amount, such was sufficient to waive the formal proof of loss, and the insurer not making demand for appraisement within sixty days thereafter, the loss became payable at the end of such 60 day period. See also English and American Ins. Co. v. Swain Groves, Inc., Fla.App. 1969, 218 So.2d 453.
Turning to the case sub judice, the appellant insurance company at no time denied liability since the receipt of the notice of the theft on November 1, 1971. American Bankers requested only the appellee's sworn statement of November 19, 1971 and thereafter began to make offers of settlement at various times. Therefore, we hold that the appellant admitted liability as of November 1, 1971 upon receipt of the notice of theft and waived the filing of proof of loss. It follows then that appellant did not invoke timely the arbitration clause of the policy in its letter of January 11, 1972, the clause providing for a sixty (60) day period which we conclude began to run as of November 1, 1971.
Appellant argues that the appellee's sworn statement of November 19, 1971 constituted a proof of loss and, consequently, the sixty (60) day period began to run as of that date (November 19, 1971). The subsequent filing of proof of loss by an insured does not operate to set aside the previous waiver of proof of loss by the insurer. Employers' Liability Assur. Corp. v. Royals Farm Sup., Fla.App. 1966, 186 So.2d 317. Once the insurer waives the giving of proof of loss, such waiver is irrevocable. Employers' Liability Assur. Corp., supra. Therefore, appellant's argument must fail.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.