297 So.2d 96 (1974)
The CINCINNATI INSURANCE COMPANY, an Ohio Corporation, Appellant,
v.
Cecil R. PALMER, Appellee.
No. 72-980.
District Court of Appeal of Florida, Fourth District.
May 24, 1974.
Rehearings Denied July 24, 1974.
*97 Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellant.
Edward M. Stein, Melbourne, for appellee.
OWEN, Chief Judge.
The named insured under a fire insurance policy brought suit against the insurer on the policy seeking recovery in favor of the mortgagee, Small Business Administration (a non-party). Shortly after suit was filed, the insurer paid the face amount of the policy to the mortgagee, rendering moot all issues in the suit other than the question of attorney's fees. Ultimately, the plaintiff recovered judgment for attorney's fees and costs, and on this appeal the issues relate to the correctness of such award.
In 1965, a corporation known as Buyer's Mart, Inc. negotiated a loan from the Small Business Administration in the amount of $85,000 to purchase certain improved real property. As security for the loan, the SBA took a mortgage on the property, together with the personal guarantee of appellee-Palmer who was president and principal stockholder in the corporation. In 1969, Palmer sold all of his stock in the corporation. In February, 1971, when Palmer learned that the building was empty and that there was no fire insurance on it, he purchased a $30,000 fire insurance policy from appellant, naming himself and the corporation as insureds, with the customary loss payable endorsement which provided that any loss under the policy would be payable to the corporation, Palmer and SBA "as their interest may appear".
On June 27, 1971, the building on the property was totally destroyed by fire. Appellant was immediately notified and an independent insurance adjuster retained by it made a prompt investigation. By the middle of August, the adjuster was apparently satisfied that the loss was one which was covered under the policy, that there was no other applicable insurance coverage available, and that the balance due the SBA on the loan and mortgage was $56,000. It was also discovered that the corporation, Buyer's Mart, Inc., had been dissolved several years before, leaving uncertain the question as to title to the property and also the question of who, on behalf of the corporation, would be authorized to endorse the appellant's draft which it wanted to issue payable jointly to Palmer, the corporation, and the SBA. As a result of these problems, another three and one-half months passed without payment being made to anyone despite requests by both Palmer and the SBA that appellant make payment solely to SBA since it was evident that the latter's interest was substantially in excess of the $30,000 amount of the policy.
In the early part of December, 1971, the instant suit was filed by Mr. Palmer for the benefit of SBA (which was not made a *98 party). Some three months thereafter, appellant paid to SBA the full amount of the policy, but declined to pay to Mr. Palmer or his attorney any attorney's fee in excess of the $500.00 fee which Mr. Palmer had paid his attorney as a retainer. In due course, the cause was tried by the court on the issue of appellee's entitlement to attorney's fees, and on the basis of expert witness testimony the court entered judgment for appellee-Palmer in the sum of $7,125.00 as his attorney's fee for the prosecution of this action.
Appellant first contends that this action was champertous, because Palmer did not have an insurable interest. Subsection (2) of F.S. Section 627.405, F.S.A. defines "insurable interest" to mean any actual, lawful and substantial economic interest in the safety or preservation of the subject of the property free from loss, destruction, or pecuniary damage or impairment; subsection (3) provides that the measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof. It is clear that appellee-Palmer, being liable on his personal guarantee of the corporate obligation to SBA, had a direct pecuniary interest in seeing that the primary security for the obligation remained free from loss, destruction, or damage. Since the risk of his having to make good on his personal guarantee would be increased in direct proportion to the extent that the primary security might sustain loss, he had an insurable interest to the full extent of the policy proceeds. See, Schlehuber v. Norfolk & Dedham Mutual Fire Insurance Company, Fla.App. 1973, 281 So.2d 373; Aetna Insurance Company v. King, Fla.App. 1972, 265 So.2d 716; Rutherford v. Pearl Assurance Company, Fla. App. 1964, 164 So.2d 213; Springfield Fire and Marine Insurance Company v. Boswell, Fla.App. 1964, 167 So.2d 780; American Central Ins. Co. of St. Louis, Mo., v. Whitlock, 1936, 122 Fla. 363, 165 So. 380.
Appellant next contends that there was no basis for rendering any kind of judgment against it because it had never wrongfully refused to pay the policy proceeds. The policy required payment sixty days after proof of loss; nonetheless, the evidence clearly established that by the middle of August, 1971, the insurer had admitted its liability for the loss, at least as to the interest of the mortgagee. As such, this constituted a waiver of the requirement of a formal proof of loss. American Bankers Insurance Company of Florida v. Terry, Fla.App. 1973, 277 So.2d 563; English and American Insurance Company v. Swain Groves, Inc., Fla.App. 1969, 218 So.2d 453; Bear v. New Jersey Ins. Co., 1939, 138 Fla. 298, 189 So. 252. The fact that the insurer's refusal to pay the amount owed by it under the terms of the policy was in good faith and on reasonable grounds does not relieve the insurer from liability for payment of attorney's fees where it is subsequently found liable on the policy. Salter v. National Indemnity Co., Fla.App. 1964, 160 So.2d 147; Pacific Mut. Life Ins. Co. of California v. McCaskill, 1936, 126 Fla. 82, 170 So. 579.
Appellant next contends that the court could not award an attorney's fee to the appellee-Palmer under F.S. Section 627.428, F.S.A. in the absence of a judgment being rendered against the insurer and in favor of the insured. At first blush this point has some appeal, because the language of F.S. Section 627.428, F.S.A.[1] clearly states that the attorney's fee *99 will be awarded "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured...", and the courts have said that this statute must be strictly construed.[2] On the other hand, it is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of a judgment. The terms of the statute are a part of every insurance policy issued in Florida. Old Republic Insurance Company v. Monsees, Fla.App. 1966, 188 So.2d 893. Appellee contends, and we think correctly so, that upon the suit being filed, the relief sought was both the policy proceeds and attorney's fees, and so long as the insurer failed to voluntarily pay any part of the relief sought, it continued to contest the policy, Gulf Life Insurance Company v. Urquiaga, Fla.App. 1971, 251 So.2d 904, and thus even though the claim at that point is limited to the recovery of attorney's fees, it is nonetheless a claim under the policy. Old Republic Insurance Company v. Monsees, supra. See also, All Ways Reliable Building Maintenance, Inc. v. Moore, Fla. 1972, 261 So.2d 131. We think the statute must be construed to authorize the award of an attorney's fee to an insured or beneficiary under a policy or contract of insurance who brings suit against the insurer after the loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured or beneficiary due to the insurer voluntarily paying the loss before such judgment can be rendered. After all, such voluntary payment by the insurer is the equivalent of a confession of judgment against it.
Having determined that in this case the appellee-insured was entitled to an award of attorney's fees pursuant to F.S. Section 627.428, F.S.A., we consider the perplexing question of whether the amount awarded in this case was proper. We conclude that it was not for the reasons hereafter stated.
Appellee's counsel had a contract with his client for a $500.00 retainer fee plus such additional fee as the court might award, no portion of which would be returned to the client. According to appellee's counsel, he had expended some 230 hours of professional time in the prosecution of the case. However, only 30 hours had been expended up to the time that appellant voluntarily paid the policy proceeds to the SBA, the remainder having been expended thereafter in attempting to collect the attorney's fee. At about the time that appellant paid the policy proceeds to SBA it offered to appellee the sum of $500.00 to reimburse him for his outlay for attorney's fees but appellee's counsel flatly refused such offer and instead demanded a fee of $5000.00. It is clear that from the time appellant paid the policy proceeds to SBA all subsequent efforts on the part of appellee's counsel were solely for his own benefit and not that of his client.
Appellee was entitled to an award of an attorney's fee for the use and benefit of his attorney in an amount based upon quantum meruit for services rendered to appellee. Brickell v. Di Petro, 1943, 152 Fla. 429, 12 So.2d 782. Since appellee's contract with his attorney did not allow appellee to recover any part of his attorney's fees out of any sum awarded for that purpose, (i.e., the entire award was to go to the attorney) the service which the attorney rendered to appellee effectively terminated when the insurance company *100 voluntarily paid the insurance proceeds to the SBA. From that point on, appellee's attorney was rendering service only for his own benefit. This might not have been so under a different contractual arrangement between appellee and his counsel. It is clear from the record that the amount which the court awarded as an attorney's fee was based upon the entire professional services of appellee's attorney and not merely that portion which was rendered prior to the time that appellant paid the policy proceeds. Thus, the judgment must be reversed and this cause remanded for the purpose of entering a new judgment in favor of appellee in accordance with the views herein expressed. The court is authorized to take such further evidence as it deems necessary for that purpose.
Reversed and remanded.
CROSS, J., and SHOLTS, THOMAS E., Associate Judge, concur.
NOTES
[1] 627.428 Attorney fee. 

"(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
"(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer.
"(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case."
[2] American Bankers Insurance Company of Florida v. Benson, Fla.App. 1971, 254 So.2d 851; American National Insurance Company v. de Cardenas, Fla.App. 1965, 181 So.2d 359.