## MORRIS, et al v. CONNECTICUT GENERAL LIFE INSURANCE CO.

No. 75-40894-27.

Circuit Court, Dade County.

March 19, 1976.

Norman S. Segall of High, Stack, Davis & Lazenby, Miami, for the plaintiffs.

Joseph P. Klock, Jr., of Steel, Hector & Davis, Miami, for the defendant.

HERBERT STETTIN, Circuit Judge.

This matter came on before the court for hearing upon plaintiffs' motion for costs and attorneys' fees, plaintiffs' addendum to motion for costs and attorneys' fees, and the stipulation for partial settlement filed jointly by plaintiffs and defendant. In addition, the court has considered the composite exhibit (correspondence between counsel for the plaintiffs and for the defendant) introduced at the hearing, which counsel stipulated were true and correct copies of correspondence between the parties.

It was the plaintiffs' contention that they were entitled to an award of costs and attorneys' fees pursuant to Florida Statutes §627.428 (1975). The defendant, on the other hand, contended that the evidence before the court demonstrated that the action commenced by plaintiffs was unnecessary and not occasioned by any fault on its part. Indeed, the defendant claimed that it was ready, willing and able to pay the funds three months before suit was filed.

From an examination of the pleadings, the stipulation of counsel, and other papers filed of record, it appears that Carlos P. Lamar died on February 17, 1975, while insured under a group life insurance policy issued by defendant to the Southern Medical Association. It also appears that in November 1970, Lamar executed

beneficiary designations naming the plaintiffs contingent beneficiaries, and at the same time, executed an absolute assignment of the policy to his then wife, Celia P. Lamar. Unfortunately, Mrs. Lamar predeceased her husband, and after his death, there was a dispute between the plaintiffs and defendant with respect to who the proper beneficiaries under the policy were. From various readings of the policy, plaintiffs maintained that the beneficiary designations took effect before the absolute assignment, thus entitling plaintiffs to the proceeds of the policy, while defendant, on the other hand, initially took the position that the change of beneficiary was ineffective since the assignment took effect first, thus making Mrs. Lamar's estate the proper beneficiary.

However, on or about September 25, 1975, the defendant communicated its willingness to plaintiffs' counsel to pay the policy proceeds to the contingent beneficiaries upon the execution by those benficiaries of a release. That letter stated in part —

> It is not our desire to unduly burden your clients but Connecticut General must attempt to effectuate the insured's desires while protecting its interests. Therefore, we agree to paying the contingent beneficiaries as noted on the enrollment card signed by Dr. Lamar on November 25, 1970 upon receipt of the enclosed release executed by those named contingent beneficiaries [the plaintiffs]. If this is agreeable, please have the release signed and returned to this office and checks will be forwarded to your attention. (*See* composite exhibit)

Later, on October 14, 1975, defendant again stated this willingness to pay by letter —

> Based upon this and the apparent incongruous action of Dr. Lamar, we reiterate that Connecticut General is willing to make payment of the proceeds to the contingent beneficiaries upon their execution of the Release forwarded to your office on September 25, 1975. (*See* composite exhibit)

Plaintiffs, as evidenced by paragraph 3 of the "Addendum to motion for Costs and Attorneys' Fees," took the position that the release contained "unwarranted and unsatisfactory recitations and conditions . . ." In short, they refused to sign the release; suit followed two months later.

The parties have stipulated in writing that this court should determine the propriety of the award of attorneys' fees and the amount of any such award, if found appropriate. All material facts have been stipulated to, and the court has examined the applicable law. It is the court's conclusion after an examination of a number of authorities, including the recent case of *Manufacturers Life*

*Insurance Company v. Cave,* 295 So. 2d 103 (Fla. 1974), that Florida Statutes §627.428 has been consistently interpreted as allowing recovery of attorneys' fees against an insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy.* See also *Bohlinger v. Higginbotham,* 77 So. 2d 911 (Fla. 1954). This has been the law of the state since as early as the mid-30's and can be found in cases of various appellate courts in the state interpreting the current statute, as well as its predecessors.

Turning to the facts of this case, and after considering the stipulation, motion, addendum to motion, stipulated exhibits, other matters of record, argument of counsel, and legal authorities, the court concludes that while the various legal positions taken by the opposing parties prior to the filing of suit are valuable for purposes of background information, the central and only question is whether the plaintiffs were compelled to file suit to recover under the policy, and whether the defendant wrongfully withheld payment under the policy.

The court finds that not only did defendant not wrongfully withhold the policy proceeds, but to the contrary stood ready, willing, and able to pay these proceeds to plaintiffs as early as three months prior to the filing of this action. The court further finds that the request by defendant to plaintiffs to sign the release was a reasonable and non-precipitating one, that the language of the release itself did not constitute an illegal condition upon the payment of policy proceeds, and that plaintiffs' position that the release contained "unwarranted and unsatisfactory recitations and conditions" is simply not well taken. In light of the foregoing, it is the conclusion of this court that the filing of this action was unnecessary, and that the defendant did not refuse to pay the policy proceeds to the plaintiffs. In short, a plaintiff who through his own fault causes an action to be filed without need will not be permitted to finance his litigation at the expense of an insurance company.

Therefore, and after due consideration, it is ordered and adjudged that the motion for costs and attorneys' fees filed by plaintiffs is denied. Plaintiffs shall recover neither costs nor attorneys' fees from defendant in this action.

---

*The Court notes the dissimilarity and distinction between this rule and one which disallows the defense of "good faith" refusal to pay by an insurance company. See, e.g., *Cincinnati Insurance Company v. Palmer,* 297 So. 2d 96 (Fla. 4th Dist. 1974). But, where as here, there has been no refusal to pay at all, this case and others of its ilk have no application. (To the extent that *Cincinnati* might be found to conflict with *Manufacturers,* though, the latter controls).