PER CURIAM.
These appeals by Blue Cross of Florida and Blue Shield of Florida are from awards of attorney’s fees and court costs in an action by Lutgardo Hernandez for failure to pay medical and hospital bills pursuant to a group contract. The issues presented are: (1) whether the court erred in award *191 ing court fees and costs because the plaintiff did not file proper proof of loss; (2) whether the court erred because the defendant acted in good faith; (3) whether the court lacked jurisdiction to award fees and costs when a settlement was effected prior to trial.
The factual background of the claim and the failure to pay is long and complicated by the fact that there was confusion as to whether the claim was covered by workmen’s compensation insurance or major medical insurance. The facts were heard by the court prior to the negotiated settlement. It was stipulated that the court would determine the applicability of Section 627.428, Florida Statutes (1977).
We hold that there was evidence before the court upon which it could find the statute applicable. It was his determination that the lawsuit was necessary to effect collection. Cf. Cincinnati Insurance Company v. Palmer, 297 So.2d 96, 98 (Fla. 4th DCA 1974). The trial court had jurisdiction to award the fee upon settlement and post-judgment. Wabash Life Insurance Company v. Rosenberg, 189 So.2d 209 (Fla. 3d DCA 1966).
Affirmed.