379 So.2d 166 (1980)
Mary LLERENA, Appellant,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellee.
No. 79-1044.
District Court of Appeal of Florida, Third District.
January 22, 1980.
*167 Guillermo F. Mascaro, Coral Gables, and Charles V. Peppler, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern and Steven D. Simpson, Miami, for appellee.
Before HAVERFIELD, C.J., and SCHWARTZ and NESBITT, JJ.
PER CURIAM.
Plaintiff, Mary Llerena, appeals an order of involuntary dismissal upon defendant insurer's motion in an action to recover damages under an insurance policy.
Lumbermens Mutual Casualty Company (Lumbermens hereinafter), appellee, issued to the appellant, Mary Llerena, an automobile liability insurance policy which, inter alia, provided collision coverage on her automobile. With respect to this coverage the policy required that "proof of loss" be filed within 91 days of the date of the loss. Within 60 days following the filing of proof of loss either the insurer or the insured may demand an appraisal be made of the damages to the insured's vehicle.
In June 1977, shortly after coverage went in effect, Llerena's vehicle was damaged in an automobile accident. Lumbermens estimated the damage to the vehicle to be about $2,500 and on February 15, March 3, and May 3, 1978, tendered to counsel for Llerena a draft for $2,397.70[1] in payment for the damages. Counsel for Llerena rejected these offers of settlement as being insufficient to cover the loss which her counsel claimed to be $4,308.40. In December 1978 Llerena filed suit against Lumbermens for damages. Thereafter Lumbermens submitted to Llerena a proof of loss for the same amount as the previous settlement offers and demanded an appraisal. In its answer Lumbermens alleged that Llerena failed to comply with the conditions precedent to the payment of her claim in that she failed to submit a proof of loss and to submit the claim appraisal. Llerena was permitted to file an amended complaint alleging that all conditions precedent had been waived by Lumbermens. Thereafter Lumbermens moved for involuntary dismissal of the action. After a hearing, the trial court entered an order of involuntary dismissal whereby Llerena's complaint was dismissed without prejudice. Llerena appeals the dismissal order. We reverse.
The law is well established that when an insurer admits liability in an unagreed amount, formal proof of loss is thereby waived and the time in which the insurer is required to demand appraisal under the terms of the subject policy begins to run from the time the insurer admits liability. Bear v. New Jersey Ins. Co., 138 Fla. 298, 189 So. 252 (1939); English and American Ins. Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969); American Bankers Ins. Co. of Fla. v. Terry, 277 So.2d 563 (Fla. 3d DCA 1973).
The submission of the first settlement offer on February 15, 1978, along with its draft for $2,397.70 constituted an admission of liability on the part of Lumbermens. At that juncture Lumbermens waived the requirement of any formal proof of loss and the time in which it was required to demand appraisal under the policy (60 days) began to run. Thus, we conclude the trial court erred in entering the order of involuntary dismissal. We further note that the amended complaint alleged the defense of waiver and estoppel, and it was error to enter a dismissal pursuant to Fla.R. Civ.P. 1.420(b) prior to evidence being presented with respect to these issues. See Akdoruk v. Advanced Jet Systems, Inc., 296 So.2d 656 (Fla. 3d DCA 1974).
*168 For the reasons stated the dismissal order is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] The collision coverage contained a $100 deductible.