HOBSON, Acting Chief Judge.
Appellants, Service Insurance Company, Flaquad, Inc., George Hunt, Inc., and Hunt Brothers Construction Company, Inc., appeal a final judgment awarding $9,000 attorney fees to appellee Gulf Steel Corporation in a mechanic’s lien foreclosure action.
The issue in this case is whether appellee provided sufficient evidence on which the trial court based its award of attorney fees. At the hearing, appellee presented attorney John Stewart as its expert witness on the matter. Mr. Stewart indicated that he had reviewed appellee’s counsel’s file and the court file. When asked if he had formed an opinion as to a reasonable attorney fee, he answered:
Your Honor, it is a minimum that we would charge in this area of $6,000, and that is just a minimum.
I would suggest to the court that more could be assessed. Six to $7,500, perhaps even $8,000, and that is based upon a complete review of the file and all of those intangible and tangible matters that the attorney for the Plaintiff has suggested or commented on.
Mr. Stewart further stated that he would “not ... feel uncomfortable, if this was to receive even an $18,000 attorney’s fees on the basis of being contingent and on the basis of being recovered.”
Appellants called attorney Edgar W. McCurry as their expert witness. Mr. McCurry testified that his fee in this type of case is generally billed on a per-hour basis at $50 to $75 per hour. Based upon that rate and upon the assumption that appellee’s counsel spend 50 hours on the case, Mr. McCurry testified that a reasonable fee would be between $2,500 and $3,750.
Appellee’s counsel, Mr. Kiernan, stated for the record that his firm was general counsel for Gulf Steel Corporation and not on an hourly fee basis. He had been under the impression that the court would set the fee in the case and that the firm would accept whatever amount the court set. He further stated that he had expended approximately 30 hours on the case. There is no other evidence in the record as to any fee agreement between Mr. Kiernan and appellee.
Section 713.29, Florida Statutes (1979), provides that the prevailing party in an action to enforce a lien is entitled to recover reasonable attorney fees to be determined by the court. This determination should be based upon consideration of all the factors *552 listed in Disciplinary Rule 2-106(B), Code of Professional Responsibility, as follows:
1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
3) The fee customarily charged in the locality for similar legal services.
4) The amount involved and the results obtained.
5) The time limitations imposed by the client or by the circumstances.
6) The nature and length of the professional relationship with the client.
7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
8) Whether the fee is fixed or contingent.
It is apparent from the record in this case that the evidence presented by both expert witnesses and appellee’s counsel failed to deal with several of the criteria mentioned above. Moreover, the court awarded fees in excess of those recommended by the witnesses, where a contingency agreement was not shown. Although the court is not bound by the opinions of expert witnesses, these opinions must be considered in conjunction with a full and thoughtful exploration of the factors set out in DR 2-106(B). In this respect, the trial court erred.
We, therefore, reverse the award of $9,000 attorney fees and remand this cause for a hearing in order to allow the trial court to take testimony in compliance with Disciplinary Rule 2-106(B), Code of Professional Responsibility.
REVERSED and REMANDED.
BOARDMAN and CAMPBELL, JJ., concur.