BOARDMAN, Acting Chief Judge.
Defendants Service Insurance Company, Flaquad, Inc., George Hunt, Inc., and Hunt Brothers Construction, Inc. appeal the $6500 attorney’s fee awarded to plaintiff/appellee Gulf Steel Corporation in the trial court’s order taxing costs and fees. We reverse.
On August 10, 1979, appellee filed a complaint to foreclose a mechanic’s lien. Shortly after appellants filed their answer, appel-lee filed a motion for summary judgment, which was granted, and final summary judgment in appellee’s favor was entered on January 11, 1980. On January 30, 1980, appellants satisfied the final summary judgment.
Following entry of the final summary judgment, appellee filed a motion for attorney’s fees. Appellee’s counsel and an attorney for appellants engaged in negotiations as to what a reasonable fee would be; the dispute was over the amount of the fee rather than whether a fee was owed. Following hearings, the trial court on February 27,1980, entered a final judgment awarding attorney’s fees of $9000. Appellants appealed that award to this court, and this *968 court reversed and remanded for a new hearing encompassing all the factors required to be considered under Disciplinary Rule 2-106(B), Code of Professional Responsibility. Service Insurance Co. v. Gulf Steel Corp., 394 So.2d 550 (Fla.2d DCA 1981).
On remand, a new hearing was held on May 12 and June 2,1981. Appellee’s expert opined, after consideration of all appropriate factors, that in view of all the services rendered in the case from the beginning of appellee’s law firm’s involvement through June 2, 1981, excluding the appeal, a reasonable attorney’s fee was between $10,000 and $11,000. He had no opinion on a reasonable fee for the firm’s services through only the execution of the final summary judgment. Appellants’ expert’s opinion was that a reasonable fee for the services performed by the firm through the final summary judgment was between $2500 and $3500. The trial court ultimately awarded a fee of $6500.
The fee arrangement between appellee and its law firm was that if appellee prevailed, the firm would accept whatever award the court made as a reasonable attorney’s fee. The firm expected to be paid by appellee if not awarded a fee by the court. Appellee had no interest in the fee award, and the firm would not share that award with appellee.
Appellee’s claim for attorney’s fee is predicated on Section 713.29, Florida Statutes (1979), which provides:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
The award of attorney’s fees is in derogation of the common law, and statutes allowing for the award of such fees should be strictly construed. Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla.1975); Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974). Cases construing section 713.29 have limited the allowance of attorney’s fees to solely that aspect of an action which relates to the cause of action to enforce the lien. E.g., Jackson v. Hatch, supra; Houdaille-Duval-Wright Co. v. Charldon Construction Co., 266 So.2d 106 (Fla. 3d DCA 1972).
Appellee had no interest in the proceedings after the satisfaction of the final summary judgment. The dispute thereafter was as to the amount of the fee to be paid, not as to whether a fee award was proper. Appellee was not going to share in any fee awarded to its counsel. Since the portion of this lawsuit which involved the foreclosure of the mechanic’s lien terminated on January 11, 1980, appellee’s counsel is not entitled to a fee award for services rendered after that date.
In cases construing similar statutes which provide for the award of attorney’s fees, the courts have unanimously held that a fee award for the time involved in the fee application is not proper. E.g., Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 20 (Fla.1976) (eminent domain suit under sections 73.091 and 73.092); Cincinnati Insurance Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974) (insurance, section 627.428). The court in Palmer stated:
Appellee’s counsel had a contract with his client for a $500.00 retainer fee plus such additional fee as the court might award, no portion of which would be returned to the client. According to appel-lee’s counsel, he had expended some 230 hours of professional time in the prosecution of the ease. However, only 30 hours had been expended up to the time that appellant voluntarily paid the policy proceeds to the SBA, the remainder having been expended thereafter in attempting to collect the attorney’s fee. At about the time that appellant paid the policy proceeds to SBA it offered to appellee the sum of $500.00 to reimburse him for his outlay for attorney’s fees but appellee’s counsel flatly refused such offer and instead demanded a fee of $5000.00. It is clear that from the time appellant paid the policy proceeds to SBA all subsequent *969 efforts on the part of appellee’s counsel were solely for his own benefit and not that of his client.
Appellee was entitled to an award of an attorney’s fee for the use and benefit of his attorney in an amount based upon quantum meruit for services rendered to appellee. Brickell v. Di Petro, 1943, 152 Fla. 429, 12 So.2d 782. Since appellee’s contract with his attorney did not allow appellee to recover any part of his attorney’s fees out of any sum awarded for that purpose, (i.e., the entire award was to go to the attorney) the service which the attorney rendered to appellee effectively terminated when the insurance company voluntarily paid the insurance proceeds to the SBA. From that point on, appellee’s attorney was rendering service only for his own benefit. This might not have been so under a different contractual arrangement between appellee and his counsel. It is clear from the record that the amount which the court awarded as an attorney’s fee was based upon the entire professional services of appellee’s attorney and not merely that portion which was rendered prior to the time that appellant paid the policy proceeds. Thus, the judgment must be reversed and this cause remanded for the purpose of entering a new judgment in favor of appellee in accordance with the views herein expressed.
Id. at 99-100. Like the lawyer in Palmer, appellee’s counsel here had a fee contract whereby the firm would accept as its fee the amount awarded by the court; no portion of the award would be returned to appellee.
Furthermore, the plaintiff has the burden of proving its entitlement to an attorney’s fee award and the reasonable value of the services provided by its attorney. The previous appeal in this case established that appellee had failed to present evidence to the trial court on several of the criteria required to be considered under DR2-106(B). This failure necessitated the proceedings on remand. Appellants should not have to pay attorney’s fees resulting from appellee’s counsel’s failure to present competent, substantial evidence to the trial court in the first place.
Accordingly, the attorney’s fee award is again REVERSED and REMANDED for entry of a fee award for only those services rendered on behalf of appellee through the final summary judgment entered on January 11, 1980. The trial court is authorized to take such further, evidence as it deems necessary to enter an order in conformity with the law of Jackson v. Hatch.[1]
GRIMES and RYDER, JJ., concur.

. As we find no error in appellant’s contention that the hearing on attorney’s fees should have been held before a different judge, the trial court itself is authorized to take whatever further action it deems necessary.