# WILLEY v GOVERNMENT EMPLOYEES INSURANCE COMPANY

## Case No. CO 86-2832

County Court, Orange County

September 22, 1986

## APPEARANCES OF COUNSEL

Gary E. Doane for plaintiff.

John L. Sewell for defendant.

## OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

THIS CAUSE having come on to be heard upon the Plaintiff's Motion for Determination of Amount of Taxable Attorney's Fees, and the Court being fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. That there is no dispute between the parties that Plaintiff's attorney is entitled to a fee to be taxed against the Defendant.

2. That the Court finds that in arriving at an appropriate fee it may consider, and has considered, the efforts of the Plaintiff's attorney in building, processing and monitoring the personal injury protection claim of the Plaintiff. These efforts were valuable services to the Plaintiff and resulted in the identification and perfection of the present case and lead to the successful conclusion of the case for the Plaintiff. *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, (11th Cir. 1983).

3. That Plaintiff's attorney failed to keep and submit time records for his work on this case, therefore, the Court has strictly scrutinized the evidence concerning his time spent on this case and has awarded the least number of hours that could reasonable have been sent on the case.

4. The Court is basing its fee award on three (3) hours spent prosecuting the main claim and an additional two (2) hours in litigating the attorney's fee issue for a total of five (5) hours.

The court notes that *Cincinnati Ins. Co. v. Palmer*, 297 So.2d 96 (Fla. 4th DCA 1974) and *Service Ins. Co. v. Gulf Steel Corp.*, 412 So.2d 967 (Fla. 2d DCA 1982) both deny attorney fees for litigating the issue of attorney fees where the agreement between the attorney and client is on a contingent fee basis. The 2nd DCA has permitted attorney fees for litigating the issue of attorney fees if the agreement between the client and attorney is on a straight hourly basis. *B & L Motors v. Bignotti*, 427 So.2d 1070 (Fla. 2d DCA 1983). This court finds no rational distinction why a person who can afford attorney fees should be reimbursed for litigating the issue of attorney fees, whereas a person who cannot afford attorney fees should not also be reimbursed.

Secondly, all of these cases were decided prior to the "lodestar" case of *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985). The lodestar case is based on Federal case law and *all* federal courts have permitted attorney fees for litigating the issue of attorney fees. *King v. McCord*, 707 F.2d 466 (11th Cir. 1983), *Gabriele v. Southworth*, 712 F.2d 165 (5th Cir. 1983), *McCowan v. King, Inc.*, 661 F.2d 48 (5th Cir. 1980), *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir., en banc, 1980), *Gurule v. Wilson*, 635 F. 2d 782 (10th Cir. 1980), *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978), *Delaware Valley Citizens Council for Clean Air v. Commonwealth of Pennsylvania*, 581 F. Supp. 1412 (E.D. Pa. 1984), *Poston v. Fox*, 577 F. Supp. 915 (N.J. 1984), *Vulcan Society of Westchester County v. Fire Dept. of White Plains*,

**95**

533 F. Supp. 1054 (S. D. N.Y. 1982). As issues regarding attorney fees become more and more complex (some hearings have lasted 4 days) the federal courts have ruled that this expense should be borne by the losing party, not the prevailing party.

5. That Plaintiff's attorney had, in essence, a contingency fee, in that if he failed to prevail in the cause he would not be entitled to any fee whatever. Therefore, it is proper to apply the approach delineated in *Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

6. That because of the existence of the opinion in *Fay v. Mincy*, 454 So.2d 587 (Fla. 2d DCA 1984), at the time of the filing of this suit the Court feels that the chances of the Plaintiff ultimately prevailing on the issues was greater than 50%, therefore, a multiplier of 1.5 is appropriate.

7. That a reasonable total time of this case for the Plaintiff's attorney is five (5) hours and a reasonable hourly fee is $150.00 per hour, therefore, awards Plaintiff's counsel a fee of $750.00 to be taxed against the Defendant in this cause.

8. Should any Notice of Appeal be filed in this cause the Court would certify to the 5th District Court of Appeals the following questions as being matters of great public interest:

a. Whether a prevailing parties' attorney is entitled to have fees taxed in a suit brought under Chapter 727.736, Florida Statutes, for his efforts prior to the filing of suit if those efforts are an aid to the maintenance and prosecution of the claim. See *Dowdell v. City of Apopka*, 698 F. 2d 1181 (11th Cir. 1983).

b. Whether, in light of *Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985), a prevailing party's attorney is entitled to have fees taxed in a case arising from Chapter 727.736, for the efforts spent in litigating the attorney's fees issues.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 22nd day of September, 1986.