## TAYLOR, etc. v E. F. HUTTON & COMPANY, INC., et al.

### Case No. 88-2201-CA-01

Twelfth Judicial Circuit, Sarasota County

February 13, 1990

**APPEARANCES OF COUNSEL**

**Steven G. Schember, Esquire,** for plaintiff.
**Robert Williams, Esquire,** for defendants.

### OPINION OF THE COURT

SCOTT M. BROWNELL, Circuit Judge.

### ORDER DENYING MOTION OF DEFENDANTS

### *FOR AWARD OF ATTORNEYS' FEES*

This action was tried to a jury which rendered its verdict in favor of Defendants against Plaintiff on November 3, 1989. Final judgment in accordance with the verdict of the jury was rendered by this court on November 30, 1989. Plaintiff has a Motion for Rehearing pending from such judgment.

Defendants filed their Motion to Tax Costs and Motion for an Award of Attorneys' Fees on December 5, 1989. A hearing was held on January 8, 1990, to determine whether or not Defendants are entitled to an award of their attorneys' fees incurred in this action. The court has reviewed the cases and other authorities presented by counsel for the parties at this hearing and has considered the arguments of counsel on this issue. Accordingly, the court finds as follows:

1. Defendants' request for attorneys' fees is based upon § 517.211(6) Fla. Stat. (1987) which provides:

> In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust.

There is no dispute that a substantial part, if not all, of Plaintiff's case was based upon § 517.211 Fla. Stat. (1987). There is also no dispute that Defendants were the prevailing parties at trial. Thus, Defendants are entitled under the above statute to an award of their reasonable attorneys' fees unless this court finds that such award would be "unjust".

2. No Florida cases have construed § 517.211(6) with respect to the issue presented here, i.e., whether or not an award of attorneys' fees to Defendant would be "unjust".

3. It is well settled in Florida that an award of attorneys' fees is in derogation of common law and statutes allowing for an award of such fees should be strictly construed. *Sunbeam Enterprises, Inc. v Upthegrove,* 316 So.2d 34 (Fla. Sup. Ct. 1975); *Service Insurance Co. v Gulf Steel Corp.,* 412 So.2d 967 (Fla. 2d DCA 1982).

4. Some attorneys' fee statutes in Florida are mandatory. This type of statute gives the trial court no discretion as to whether or not the prevailing party is to be awarded fees. The only discretion the court has is as to the amount of the fee. Examples of this type of statute are the Mechanics' Lien Law § 713.29 Fla. Stat. (1987) and the Condominium Statute § 718.506(2) Fla. Stat. (1987).

5. As a general rule, the Court finds that in those cases where the legislature statutorily mandated an award of attorneys' fees to the prevailing party, the legislature perceived that the economic strengths of the parties involved in those cases would be relatively equal and that it would not be unfair or unjust to award attorneys' fees to any part in such cases who prevailed against another party.

6. Other attorneys' fee statutes in Florida exist which do not automatically mandate an award of fees to the prevailing party. Some

**145**

statutes, for example § 627.418 Fla. Stat. (1987) dealing with attorneys' fees in suit by insureds against insurors, only permit a prevailing insured to recover fees and do not allow a prevailing insuror to recover them. Other statutes, for example the Florida "Lemon Law" § 681.106 Fla. Stat. (1987), set a different legal standard for an award of attorneys' fees to a prevailing plaintiff as opposed to a prevailing defendant.

7. Most recently, the Fla. legislature has adopted § 57.105(2) Fla. Stat. (supp. 1988) which provides that if a contract allows attorneys' fees to be awarded to one party but not another, the trial court is nonetheless permitted, in its discretion, to award attorneys' fees to the prevailing party to whom fees are *not* allowed under the contract.

8. In the cases of these non-mandatory attorneys' fee statutes, the Court finds that generally the legislature perceived an unequal economic status to exist between the parties involved and therefore took steps to equalize the economic standing of the parties by virtue of the statutory provisions concerning fee awards.

9. The instant statute, as pointed out above, gives the trial court discretion not to award attorneys' fees to the prevailing party if to do so would be "unjust". Only one other attorneys fee statute in Florida contains anything approaching similar statutory language. Section 57.111 Fla. Stat. (1987) permits an award of attorneys' fees against the State of Florida to prevailing small business parties involved in state initiated Chapter 120 proceedings "unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust". Section 57.111(4)(a) contains a specific statement of the goals of the Florida Legislature in permitting the recovery of fees under the terms set forth above:

"The legislature finds that certain persons may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense of civil actions and administrative proceedings. Because of the greater resources of the state, the standard for an award of attorneys' fees and costs against the state should be different from the standard for an award against a private litigate. The purpose of this section is to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in certain situations an award of attorneys' fees and costs against the state."

Section 57.111(e) Fla. Stat. (1987) provides:

"A proceeding is "substantially justified" if it had a reasonable basis in law and fact at the time it was initiated by a state agency."

146

10. Section 706(k) of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-5(k) 1976 provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorneys' fee . . .

The United States Supreme Court, in *Christianburg Garment Co. v EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed 2d 648 (1978), discussed whether the standards for awarding fees to a prevailing plaintiff under the above statute should be the same as, or different from, those for awarding fees to a prevailing defendant. The Supreme Court stated that even though this statute was "neutral" in its language, this did not mean that the standards for awarding fees to prevailing plaintiffs should be the same as the standards for awarding fees to prevailing defendants. The Supreme Court stated that the policy considerations behind awarding attorneys' fees to successful plaintiffs were totally different than those behind allowing attorneys' fees to successful defendants. The court stated that a prevailing plaintiff was acting as an instrumentality of Congress to vindicate a policy that Congress considered the highest priority. The Court found that when fees are awarded to a prevailing plaintiff in a Federal Civil Rights Case, these fees are being awarded against a violator of federal law. The Court further found that it was the intent of Congress to make it easier for a plaintiff of limited means to bring a meritorious civil rights suit.

11. On the other hand, the Supreme Court found the policy supporting an award of attorneys' fees to defendants was that Congress wishes to protect defendants from burdensome litigation having no legal or factual basis. The *Christianburg* court concluded, 434 US 422:

> "That § 706(k) allows fee awards only to prevailing private plaintiffs should assure that this statutory provision will not in itself operate as an incentive to the bringing of claims that have little chance of success. To take the further step of assessing attorneys' fees against plaintiffs simply because they do not finally prevail would substantially add to the risks in hearing most litigation and would undercut the efforts of Congress to promote the vigorous enforcements of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponents attorneys' fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

12. The Supreme Court acknowledged that the legislative history supporting its conclusions set forth above was "sparse". Similarly, I find that the legislative history in Florida as to what considerations the

trial court is to take into account when exercising its discretion to award attorneys' fees to a prevailing party is also "sparse". Nonetheless, the court finds that what little evidence of legislative intent does exist with respect to discretionary awards of attorneys' fees in Florida indicates that the same general policies which the U.S. Supreme Court found to exist under federal law also exist under Florida law.

13. Based upon the foregoing discussion, this Court is of the opinion that its decision concerning whether or not to award attorneys' fees to Defendants in this case is to be based upon the following general principles:

a. Section 517.211(6) Fla. Stat. (1987) gives this court discretion not to award attorneys' fees to Defendants if, in the opinion of the Court, to do so would be "unjust".

b. When considering whether or not an award of attorneys' fees to Defendants in this action would be "unjust", this court should consider the relative economic strengths of the parties to this litigation.

c. When considering whether or not an award of attorneys' fees to Defendants in this action would be "unjust", this court should consider the public policies, if any, behind the statute authorizing attorneys' fees in this case.

d. When considering whether or not an award of attorneys' fees to Defendants in this case would be "unjust", the court should consider whether or not the claims made by the non-prevailing Plaintiff in this action were substantially justified.

14. Applying the above considerations to the facts of this case, the court finds as follows:

a. There is great disparity between the economic strengths of the parties in this case. Defendant E. F. HUTTON & COMPANY, INC., now SHEARSON, LEHMAN, HUTTON, is a multi-million dollar international corporation. Co-defendant, THOMAS METZ, earned between $200,000.00 and $450,000.00 per year during the several years prior to the trial of this action. Counsel for Defendants has represented to the court that Mr. Metz' income is substantially less than these amounts at the present time. Counsel for Defendants has also represented to the court that while Defendant, HUTTON, has paid all attorneys' fees incurred by Defendants in this action to date, Mr. Metz will be required to reimburse HUTTON for such fees in some fashion over the course of time. Counsel for Plaintiff has represented to the Court that none of the beneficiaries of the Estate of Muriel Berry are impecunious. Counsel for Plaintiff has further represented to the court

148

that there are probably sufficient assets in the estate to pay any award of fees to Defendants, although payment of such fees would greatly reduce the overall value of the estate. Based upon all of the foregoing considerations, the Court finds that the relative economic strengths of the parties are weighted in favor of Defendants.

b. With respect to the public policies, if any, behind the statute awarding attorneys' fees, this Court finds that Chapter 517 Fla. Stat. (1987), the Florida Blue Sky Law, was enacted for the purposes of protecting the investing public and of regulating the securities industry. The court finds that the statutory scheme of Chapter 517 is to encourage private citizens to bring appropriate legal actions under the statute to help advance these public policies. The court finds that frequent awards of substantial fees against private citizen plaintiffs would have a deterrent and chilling effect upon others who might otherwise seek to utilize the Florida securities law to advance these public policies. The court finds that this deterrent and chilling effect would particularly take place were courts to frequently award fees to prevailing securities industry defendants even in those cases where the claims of the plaintiffs, although unsuccessful, had substantial merit or were substantially justified. Thus, the court finds that an award of substantial attorneys' fees to Defendants in this case would not further the public policies behind Chapter 517 Fla. Stat. (1987.

c. With respect to the last consideration set forth above, the court finds that the claims of Plaintiff in this case, although ultimately unsuccessful, were substantially justified and had substantial merit. This court has previously advised counsel for both parties that the court viewed the evidence as extremely close and viewed this as a case which could have as easily have been won by Plaintiff as Defendants.

For all of the foregoing reasons, the court finds under all the facts, circumstances, and equities presented in this case that to award attorneys' fees to Defendants would be "unjust" within the meaning of § 517.211(6) Fla. Stat. (1987). Accordingly,

IT IS ORDERED AND ADJUDGED that Defendants' Motion for an Award of Attorneys' Fees is denied.

ORDERED AND ADJUDGED this 13th day of February, 1990.