ROBERTS, J.
 

 In this interlocutory appeal, the appellant, American Capital Assurance Corporation (the insurer), and the appellee, Courtney Meadows Apartment, L.L.P. (the insured), both challenge the trial court’s non-final order denying in part and granting in part the insurer’s motion to compel appraisal. The insurer raises two issues on appeal, only one of which merits discussion. Specifically, the insurer argues the trial court erred in denying a portion of its motion to compel appraisal because its demand was untimely. The insured argues on cross-appeal that the trial court erred in granting appraisal of
 
 *705
 
 four items that had not been adjusted. We agree with both parties and reverse and remand.
 

 The dispute underlying this appeal began when the insurer issued a policy of insurance to the insured covering the Courtney Meadows apartment complex (the complex). The policy contained the following provisions relevant to this appeal. Regarding appraisal, section E.2. of the policy provided, in part:
 

 If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.
 

 Regarding loss payment, section E.4. of the policy provided:
 

 a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:
 

 (1) Pay the value of lost or damaged property;
 

 (2) Pay the cost of repairing or replacing the lost or damaged property ... [;]
 

 (B) Take all or any part of the property at an agreed or appraised value; or (4) Repair, rebuild or replace the property with other property of like kind and quality ...[.]
 

 [[Image here]]
 

 c. We will give notice of our intentions within 30 days after we receive the sworn proof of loss.
 

 [[Image here]]
 

 g. We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:
 

 (1) We have reached agreement with you on the amount of loss; or
 

 (2) An appraisal award has been made.
 

 On June 1, 2008, a microburst hail storm caused damage to the complex, after which the insured filed a claim. In July 2008, the parties met to discuss the extent of damage to the complex. The insurer believed a majority of the complex’s damaged roofs could be repaired, but the insured believed the same needed replacing. On October 3, 2008, the insurer sent the insured a final estimate, which indicated that only the office roof needed to be replaced and that the remaining roofs in the complex could be repaired. The final estimate also included other items of loss and estimated the total amount of damage at $168,285.98. On October 22, 2008, the insurer tendered a check to the insured for said amount and asked the insured to file a sworn proof of loss. The accompanying correspondence also stated that if the parties were unable to resolve the dispute the insurer may wish to proceed with appraisal.
 

 In a November 11, 2008, correspondence from its attorney, the insured completely rejected the insurer’s check as a gross under-evaluation of the claim and refused to provide the sworn proof of loss. The insured noted it was in agreement with the portion of the final estimate regarding the following items of loss: heat, vent, and air conditioning; window reglazing; and painting the gazebo. The insured also informed the insurer of additional items of loss that were not included in the final estimate, specifically: the trash compactor area, interior building work, the garage fascia, and pillar damage.
 
 [1]
 

 In a November 18, 2008, letter to the insured, the insurer demanded appraisal. On December 23, 2008, the insured filed a complaint, which was subsequently amend
 
 *706
 
 ed, seeking declaratory relief and alleging numerous breaches of contract. The insurer in turn moved to dismiss and/or abate the action and to compel appraisal, arguing that it had properly invoked the appraisal process under the terms of the policy.
 

 A hearing was held on the insurer’s motion. The insured argued that the insurer’s pre-suit and post-suit conduct demonstrated a waiver of the appraisal clause of the policy and that, under the terms of the policy, the insurer’s invocation of appraisal was untimely. The trial court agreed that the appraisal demand was untimely, finding that, when an insurer admits liability and coverage for loss, formal proof of loss is waived and the time in which the insurer is required to demand appraisal under the terms of the policy begins to run from its admittance of liability and coverage. The trial court cited
 
 Bear v. New Jersey Insurance Co.,
 
 138 Fla. 298, 189 So. 252 (1939);
 
 American Bankers Insurance Co. of Florida v. Terry,
 
 277 So.2d 563 (Fla. 3d DCA 1973);
 
 Cincinnati Insurance Co. v. Palmer,
 
 297 So.2d 96 (Fla. 4th DCA 1974); and
 
 Llerena v. Lumbermens Mutual Casualty Co.,
 
 379 So.2d 166 (Fla. 3d DCA 1980), to support its ruling. The trial court found that, by sending the final estimate and subsequently tendering the $168,285.98 check, the insurer admitted liability and thus waived its right to sworn proof of loss on October 3, 2008. The trial court further found sections E.4.a.(3) and E.4.c. of the policy required the insurer to notify the insured of its intention to seek appraisal within 30 days after this date, such that the insurer’s November 18, 2008, demand for appraisal was untimely. Accordingly, the trial court denied the motion to compel appraisal of the items included the final estimate, but granted the motion to compel appraisal of the additional items of loss in the insured’s November 11, 2008, correspondence (the trash compactor area, the garage fascia, pillar damage, and interior apartment damage).
 

 The underlying insurance policy does not set forth a time limit for demanding appraisal. The policy’s appraisal language is optional in that either party “may” demand appraisal and makes no mention of a time limit in which to do so. The portion of the policy that mandates a 30-day time limit for the insurer to provide its “notice of intentions” refers to the manner in which the claim will be evaluated. In other words, within 30 days of receiving the sworn proof of loss, the insurer will either: (1) pay the value of lost or damaged property; (2) pay the cost of repairing or replacing the lost or damaged property; (3) take all or any part of the property at an agreed or appraised value; or (4) repair, rebuild, or replace the property with other property of like kind and quality. There is no indication that this provision extends to the time in which the insurer must demand appraisal.
 

 The trial court’s reliance on the aforementioned cases to support its position is equally misplaced. In the cited cases, the policies either mandated appraisal or mandated a specific time in which to seek appraisal. For example, the policy language in
 
 Bear,
 
 stated:
 

 In the event of disagreement as to the amount of loss the same
 
 shall,
 
 as above provided, be ascertained by competent and disinterested appraisers ... the loss shall not become payable until 60 days after the notice, ascertainment, estimate and satisfactory proof of loss herein required to have been received by this company, including an award by appraisers when appraisal has been required.
 

 (Emphasis added.)
 
 Bear,
 
 189 So. at 253. The
 
 Bear
 
 court specifically found that the insurer had 60 days from the waiver of
 
 *707
 
 proof of loss to demand appraisal.
 
 Id.
 
 at 299, 189 So. 252. In
 
 Terry,
 
 the policy language is not quoted, but the court referred to a 60-day time limit in which to demand arbitration.
 
 Terry,
 
 277 So.2d at 564. Likewise, in
 
 Llerena,
 
 the policy provided that either the insurer or the insured may demand an appraisal within 60 days following the filing of proof of loss.
 
 Llerena,
 
 879 So.2d at 167. The court went on to find the demand for appraisal was untimely as it was outside the 60-day time limit.
 
 Id.
 
 at 167-68. The court stated:
 

 The law is well established that when an insurer admits liability in an unagreed amount, formal proof of loss is thereby waived and the time in which the insurer is required to demand appraisal
 
 under the terms of the subject policy
 
 begins to run from the time the insurer admits liability.
 

 (Emphasis added.)
 
 Id.
 
 at 167.
 

 The instant case is distinguishable because there is no language in the policy that requires appraisal to be invoked, if at all, within any set time from receiving or waiving the sworn proof of loss. Thus, under the terms of the instant policy, the insurer’s demand for appraisal was not untimely. Furthermore, the insurer has not waived its right to appraisal as it has not acted inconsistently with that right from the time of demand.
 
 See Gonzalez v. State Farm Fire & Cas. Co.,
 
 805 So.2d 814, 817 (Fla. 3d DCA 2000).
 

 Accordingly, because the insurance contract provided for appraisal, the insurer’s demand for such was not untimely, and the insurer did not waive its right to appraisal, the trial court erred in partially denying the motion to compel appraisal.
 
 See Preferred Mut. Ins. Co. v. Martinez,
 
 643 So.2d 1101, 1102 (Fla. 3d DCA 1994);
 
 Fla. Ins. Guar. Ass’n, Inc. v. Castilla,
 
 18 So.3d 703, 705 (Fla. 4th DCA 2009). Furthermore, granting appraisal of the items of loss in the insured’s cross-appeal was premature as those items had yet to be adjusted. Without adjustment, it is impossible to know whether the parties disputed the amount of loss to warrant appraisal.
 
 See United States Fidelity & Guar. Co. v. Romay,
 
 744 So.2d 467, 469-70 (Fla. 3d DCA 1999).
 

 REVERSED and REMANDED to the trial court to compel appraisal of the items of loss in the insurer’s motion that are appropriately in dispute.
 

 WOLF and VAN NORTWICK, JJ., concur.
 

 [1]
 

 . These items of loss are the subject of the insured’s cross-appeal.