DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLY MICHAEL GOLDMAN** and **SHIRLEY GOLDMAN,**
Appellants,

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**
Appellee.

No. 4D17-1098

[April 18, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE15-016834 (05).

Daniel L. Monfiston of The Monfiston Firm, P.A., Miami, for appellants.

Paige B. Segrera, Michael Simon and Jennifer V. Ortega of Simon, Reed & Salazar, P.A., Miami, for appellee.

KUNTZ, J.

This is an appeal of the circuit court's final summary judgment in favor of the insurer. After a plumbing line leak damaged their house, the homeowners notified their insurer, which investigated the claim and issued payment. Without informing their insurer that they disputed the amount of payment, the homeowners filed a lawsuit for breach of the insurance policy. The insurer immediately moved to compel appraisal; an appraisal took place; and the insurer timely paid the appraisal award. Because the appraisal process established the amount of damages, and the insurer paid that amount, the court granted summary judgment in the insurer's favor.

The homeowners appeal and spend nearly eight pages of their brief discussing *Johnson v. Omega Insurance Co.*, 200 So. 3d 1207 (Fla. 2016). But *Johnson* is not applicable. In *Johnson,* the insurer denied the homeowner's claim in its entirety, leaving the homeowner with few options other than a lawsuit. *Id.* at 1210. Here, the insurer valued the loss and paid the claim based on that valuation. The homeowners did not object. Until the filing of the complaint, the insurer was unaware of a

disagreement with the damage valuation. Once informed, the insurer demanded appraisal and paid the appraisal.

There was never a breakdown in the claims adjusting or communications process, nor was there a refusal to pay the claim. "It is only when the claims adjusting process breaks down and the parties are no longer working to resolve the claim within the contract, but are actually taking steps that breach the contract, that the insured may be entitled to an award of fees under section 627.428, Florida Statutes." *Hill v. State Farm Fla. Ins. Co.,* 35 So. 3d 956, 960 (Fla. 2d DCA 2010) (citing *Lewis v. Universal Prop. & Cas. Ins. Co.,* 13 So. 3d 1079, 1081 (Fla. 4th DCA 2009)).

The homeowners seek to distinguish *Hill,* arguing it is the incorrect denial of benefits and not some sinister concept of wrongfulness that triggers fees. They are correct that it is the incorrect denial of benefits that triggers an award of attorney's fees under section 627.428; yet, they are wrong to distinguish *Hill* on that basis. In *Hill,* and here, the insured never gave the insurer the opportunity to incorrectly deny the benefits before filing a lawsuit. The *Hill* court questioned "whether this lawsuit was filed to force [the insurer] to conduct an appraisal or whether it was merely a preemptive lawsuit intended to obtain attorneys' fees for the usual efforts in negotiating an insurance claim." 35 So. 3d at 960. Here, the circuit court found that was the exact reason the lawsuit was filed. Thus, the court properly granted summary judgment in favor of the insurer.

*Affirmed.*

GROSS and TAYLOR, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

2