# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-128
Lower Tribunal No. 20-16057
_____

## Yosef Deitsch, et al.,
Appellants,

vs.

## Certain Underwriters at Lloyds of London,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Litigation & Recovery Law Center, PL, and Alex Stern, for appellants.

R+C Litigators, PLLC, Efrain Carlos and Elis M. Rojas, (Fort Lauderdale), for appellee.


Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

GORDO, J.

Yosef Deitsch and Miriam Deitsch ("the Deitschs") appeal a trial court order denying their motion for attorney's fees and costs pursuant to section 626.9373[1], Florida Statutes, and dismissing the case against Certain Underwriters at Lloyds of London ("Lloyds") with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because we find the Deitschs' lawsuit was a necessary catalyst to resolve their claim and force Lloyds to proceed with the appraisal process, we reverse and remand. See Lewis v. Universal Prop. & Cas. Ins. Co., 13 So. 3d 1079, 1082 (Fla. 4th DCA 2009) (stating that "the insureds were entitled to fees as the insureds did not 'race to the courthouse,' the suit was not filed simply for the purpose of the attorney's fee award, but rather to resolve a legitimate dispute, and the filing of the suit acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract") (internal citation omitted); Ivey v. Allstate Ins. Co., 774 So. 2d 679, 684–85 (Fla. 2000) ("[W]here an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the

---

[1] "Because section 626.9373 is patterned after section 627.428, the confession-of-judgment doctrine applicable to section 627.428 applies equally to section 626.9373." Bryant v. GeoVera Specialty Ins. Co., 271 So. 3d 1013, 1019 n.1 (Fla. 4th DCA 2019); see also Capitol Specialty Ins. Corp. v. Ortiz, 2019 WL 383868, at *3 (S.D. Fla. Jan. 15, 2019) (noting that sections 627.428 and 626.9373 "are nearly identical" and "that courts apply the two fee provisions in the same way").

functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney's fees."); <u>Cincinnati Ins. Co. v. Palmer</u>, 297 So. 2d 96, 99 (Fla. 4th DCA 1974) (holding that "it is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by . . . paying the insurance proceeds . . . after suit is filed but before final judgment is entered").

Reversed and remanded.